IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID MORILLO-CRUZ,

                Petitioner,

v.

WARDEN E. EMMERICH,

                Respondent.

OPINION and ORDER

25-cv-353-jdp

---

David Morillo-Cruz, proceeding without counsel, seeks habeas corpus relief under 28 U.S.C. § 2241, seeking an order directing the Bureau of Prisons (BOP) to apply First Step Act time credits entitling him to early release in December 2025. I will deny his petition.

The petition is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions like this one brought under § 2241.[1] Under Rule 4, I must dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In reviewing this petition brought by an unrepresented petitioner, I must read the allegations generously, holding them to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Morillo-Cruz's projected release date is December 24, 2026. With a year's worth of his earned First Step Act time credits, he would be released on December 24, 2025. But the Bureau of Prisons refuses to apply those credits, stating that United States Immigration and Customs Enforcement has lodged a detainer against him that the BOP says is a final order of deportation.

---

[1] *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

If that were true, Morillo-Cruz would be ineligible to have First Step Act time credits applied to his sentence. *See* 18 U.S.C. § 3632(d)(4)(E). But Morillo-Cruz states that there is no actual final order of removal entered against him.

I will deny Morillo-Cruz's petition because he hasn't exhausted his administrative remedies. Courts generally require a prisoner to exhaust the BOP's administrative remedy program before bringing a § 2241 action. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004); 28 C.F.R. §§ 542.14(a), 542.15(a). The issue that Morillo-Cruz raises requires a detailed analysis of his eligibility for time credits, which the BOP is charged with calculating. Furthermore, Morillo-Cruz "is challenging a fact-specific determination that his order of deportation is final." *See Bojorquez-Valenzuela v. Emmerich*, No. 24-cv-529-jdp, 2024 WL 4480252, at *2 (W.D. Wis. Sept. 18, 2024). If Morillo-Cruz is contending that the BOP has an official policy of denying FSA time credits to prisoners subject to immigration detainers, that policy was rescinded in February of 2023. *See De Lima v. Warden, FCI Ft. Dix NJ*, No. 24-cv-6925, 2024 WL 3580665, at *1 (D.N.J. July 26, 2024) (citing BOP Program Statement 5410.01, subject to Change Notice 5410.01 CN1).

Morillo-Cruz suggests that the BOP lacks the authority to issue a ruling that the detainer isn't a final order of removal, but he doesn't explain why this is so, nor does he provide the detainer itself. If what he means is that an expedited order of removal has been issued against him, this court can review such an order in only extremely limited circumstances that Morillo-Cruz does not argue apply here. Morillo-Cruz must attempt the administrative review process before filing a habeas petition; he should have enough time to exhaust those remedies well before December 2025.

ORDER

IT IS ORDERED that:

1. Petitioner David Morillo-Cruz's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED without prejudice.

2. The clerk of court is directed to enter judgment and close this case.

Entered July 2, 2025.

                                            BY THE COURT:

                                            /s/

                                            _____
                                            JAMES D. PETERSON
                                            District Judge